■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SAMUEL J. MACON, Also Known as JOE WILLIAMS, Appellant.— Appeal by defendant from a judgment of the former County Court, Kings County, entered February 2, 1962 upon resentence, convicting him of burglary in the third degree and petit larceny, and resentencing him as a third felony offender to serve a term of 6 to 10 years. A judgment of conviction which had been previously rendered on April 8, 1958 after a jury trial, was thereafter vacated on the ground that defendant had been deprived of an opportunity to file a notice of appeal; the judgment on resentence followed. [For prior appeal by defendant in a *coram nobis* proceeding, see 13 A D 2d 509.] Judgment of

February 2, 1962 reversed on the law and a new trial granted. The findings of fact implicit in the jury's verdict are affirmed. In this case we are satisfied that the evidence was more than sufficient to sustain the finding of guilt by the jury. Nevertheless, we are constrained to reverse and order a new trial by reason of the unusual events which occurred during the trial. It appears that prior to the trial before a Judge and jury, the defendant had appeared before the same Judge and had entered a plea of guilty to attempted burglary in the third degree to cover the indictment. At the time such plea was entered, there was an extensive colloquy between the Judge and the defendant. The colloquy dealt with the manner in which the crime had been committed and contained extensive inquiry on the part of the Judge, in which he clearly indicated: (a) that he disbelieved the defendant; (b) that the defendant had concocted various conflicting stories; and (c) that the defendant was unworthy of belief and his stories were incredible. More significant is the fact that in such prior colloquy at the time of the plea, the Judge also indicated that he believed the defendant to be guilty. Thereafter the guilty plea was withdrawn, the indictment was reinstated and, as above stated, the case was tried before the same Judge who had originally accepted the defendant's guilty plea. On this trial the first reference to the prior plea of guilty occurred when defendant's own counsel questioned him on direct examination. Under such questioning, the defendant testified that he took the plea of guilty not because he was guilty, but because he then had "incompetent counsel." On cross-examination the prosecutor proceeded to delve at great length into what had occurred at the time the plea of guilty was taken. In doing so, he repeated questions and answers from the record made at that time. Over objection, the court ruled that such procedure was permissible because it was the defendant who had first introduced reference to the guilty plea; that thus the "door was opened;" and that the prosecutor could pursue such line of inquiry. We hold that at that point the ruling was proper, in that the rule enunciated in *People* v. *Spitaleri* (9 N Y 2d 168), banning reference at a trial to a prior withdrawn plea of guilty, deals with the introduction of such testimony by the prosecutor on the People's *direct* case. The District Attorney properly argues that the cited case has no application, since here the *defendant* first made reference to the guilty plea. We do not disagree. We also hold that the prosecutor had a right to introduce evidence bearing on the defendant's credibility in view of defendant's testimony that his prior plea was entered, not because of his guilt, but because of inadequate counsel (*People* v. *Fay,* 270 App. Div. 261, affd. 296 N. Y. 510, affd. *Fay* v. *New York,* 332 U. S. 261). Therefore, prior inconsistent statements could be introduced to impeach the defendant's testimony (*People* v. *Freeman,* 9 N Y 2d 600, 605; *People* v. *Kenda,* 3 A D 2d 80, 85). However, these principles of law did not warrant the proceedings which took place in the instant case. Here, from the record of the prior plea the prosecutor read extensive colloquy between the defendant and the same Judge before whom the defendant was on trial. That colloquy, as stated, was of such a nature as to indicate clearly that the Judge believed the defendant's explanations were false, and that the defendant was guilty. In passing, we note that the colloquy of the prior plea thus introduced covered about 20 pages of the 102-page record of the trial. The error was further aggravated when, in an attempt to dispute some of the explanations, made by the defendant, the prosecutor called as a witness the court stenographer who had transcribed the colloquy. From the mouth of the court stenographer there was repeated *in extenso* some 15 additional pages of the previous record, in which the Trial Judge who had taken the plea, repeatedly referred to the defendant's incred-

ibility, his untruthfulness and his guilt. Thus, we find that the sole issue of the trial, namely, the innocence or guilt of the defendant upon the crime charged, became a secondary matter; that the collateral issue — the reason why the prior plea had been taken — became the paramount issue; and that such issue was magnified to such a degree that this defendant was deprived of a fair trial. Under all the circumstances, despite our view that the evidence was sufficient to sustain this conviction, we are compelled to direct a new trial on the ground that the defendant's basic rights to a fair trial were violated (*People* v. *Ohanian*, 245 N. Y. 227; *People* v. *Watts*, 11 A D 2d 1054). Beldock, P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur.